IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FLORENCE DIANE FRANKLIN | : | |
|  | : | |
| v. | : | Civil Action No. DKC 16-0455 |
|  | : | |
| BWW LAW GROUP, LLC | : | |
|  | : | |

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for review is a "motion for void judgment and to set aside order" filed by Plaintiff Florence Diane Franklin ("Plaintiff"). (ECF No. 20). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

**I.   Background**

The background to this case can be found in the memorandum opinion issued on May 12, 2016, granting the motion to dismiss filed by Defendant BWW Law Group, LLC ("Defendant"). (ECF Nos. 18; 19). On May 27, Plaintiff filed the pending motion for void judgment and to set aside order, which will be construed as a motion for reconsideration under Fed.R.Civ.P. 59(e).

**II.  Standard of Review**

A motion for reconsideration filed within 28 days of the underlying order is governed by Rule 59(e). Courts have recognized three limited grounds for granting a motion for

reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." (citation omitted)), *aff'd*, 86 F.App'x 665 (4th Cir. 2004).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

**III. Analysis**

Plaintiff asserts that "no real party in interest has appeared on the record and the motion to dismiss . . . is only

argued by the opposing attorney, who is[] not allowed to testify on the facts of the case." (ECF No. 20, at 3). According to Plaintiff, "[t]he practice of an attorney filing an affidavit on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become hearsay, but it places the attorney in a position of witness thus compromising his role as advocate." (*Id.*). As a result, she contends, "each of the motion(s) to dismiss was never argued by the real party in interest." (*Id.* (emphasis omitted)).[1]

In arguing that "no real party in interest has appeared on the record" and that Defendant's attorney is prohibited from "testify[ing] on the facts of the case," Plaintiff misapprehends the motion to dismiss. She misinterprets it as testimony offered by David Solan, Defendant's attorney. Contrary to Plaintiff's assertions, the motion to dismiss is not an affidavit filed by Mr. Solan. Defendant, by and through counsel, properly advanced legal arguments challenging the court's subject matter jurisdiction and the sufficiency of Plaintiff's allegations in the complaint. The court addressed

---

[1] Plaintiff also raised this argument previously: "Counsel DAVID SOLAN is basically an interloper herein and . . . is constantly attempting to testify for a witness not in appearance." (ECF Nos. 11-1, at 16; 14, at 3-4; *see* ECF No. 11, at 5).

those legal arguments in the memorandum opinion, found them persuasive, and granted Defendant's motion to dismiss.

Plaintiff's motion for reconsideration does not satisfy any of the three grounds for reconsideration under Rule 59(e).  A Rule 59(e) motion may not be used to relitigate old matters, which is precisely what Plaintiff attempts to do here.  The memorandum opinion explained that the allegations offered by Plaintiff did not support her claims for relief.  (*See* ECF No. 18, at 12-23).  Plaintiff fails to offer new evidence or identify any intervening change in controlling law.  Neither does she argue that voiding judgment and setting aside the court's memorandum opinion are necessary to prevent manifest injustice.  Rather, Plaintiff's reiteration of prior arguments reveals a "mere disagreement" with the court's decision and thus is an insufficient basis for such an extraordinary remedy.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Accordingly, Plaintiff has not met the high bar she faces to succeed on her motion for reconsideration under Rule 59(e), and there is no reason to disturb the memorandum opinion and order.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  Thus, it is this 6th day of June, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion for reconsideration filed by Plaintiff Florence Diane Franklin (ECF No. 20) BE, and the same hereby IS, DENIED; and

2.  The clerk will transmit copies of this memorandum opinion and order to counsel for Defendant and directly to *pro se* Plaintiff.

                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge